UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 3:08–CV-1133 |
| v. ) | |
| ) | JUDGE NIXON |
| $20,000 United States Currency, ) | |
| ) | |
| Defendant. ) | |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the defendant property to the United States of America.

On November 25, 2008, the United States of America filed a Verified Complaint *In Rem* seeking forfeiture of the above-captioned defendant property, alleging that the defendant property constitutes (1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841; and (2) proceeds traceable to such an exchange and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1), i.e., to knowingly or intentionally manufacture, distribute or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance and is, therefore forfeitable pursuant 21 U.S.C. § 881(a)(6). (D.E. 1).

Pursuant to the Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on November 25, 2008 (D.E. 3), the United States Marshal for the Middle District of Tennessee served the defendant property on January 6, 2009. (D.E. 5).

On December 1, 2008, a copy of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings was served on Henry Wayne Russell at 2553 Willow Branch Dr., Nashville, Tennessee, and his attorney, Karl E. Pulley, at P.O. Box 68352, Nashville, Tennessee, via certified mail, return receipt. (D.E.11-2).

Henry Wayne Russell filed a Claim on January 5, 2009 and an Amended Claim on January 13, 2009. (D.E. 4, 6). The government moved to strike his Claim and Amended Claim for failure to file an Answer which is required by Supplemental Rule G of the Federal Rules of Civil Procedure and is a condition precedent to establish standing to contest a forfeiture. (D.E.8). On February 23, 2009, Henry Wayne Russell relinquished his claims to the defendant property. (D.E. 10).

On May 20, 2009, this Court granted the government's Motion to Strike Claim and Claimant Henry Wayne Russell's Claim (D.E. 4) and Amended Claim (D.E. 6) were stricken from the record. (D.E.12).

Public notice to all persons of said forfeiture action was also advertised on-line at "www.forfeiture.gov," the official government internet forfeiture site, for 30 consecutive days beginning on November 28, 2008, and ending on December 27, 2008. (D.E.7).

Pursuant to said notice, all persons claiming an interest in defendant property were required to file their verified claims with the Clerk of this Court within sixty (60) days from the first date of publication of the Notice.

No person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

2

Case 3:08-cv-01133    Document 14-2    Filed 05/29/2009    Page 2 of 4
Case 3:08-cv-01133   Document 15   Filed 06/02/09   Page 2 of 4 PageID #: 66

The Clerk of this Court has entered a default as to Henry Wayne Russell and all persons and entities claiming an interest in defendant property, pursuant to Rule 55(a) Federal Rules of Civil Procedure. (D.E. 13)

The United States has now moved for entry of a Default Judgment and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted and Default Judgment be entered as to all persons or entities who may claim to have an interest in the defendant property. Further, the Court finds that the Verified Complaint for Forfeiture establishes probable cause to believe that the defendant property constitutes (1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841; and (2) proceeds traceable to such an exchange and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1), i.e., to knowingly or intentionally manufacture, distribute or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance and is, therefore forfeitable pursuant 21 U.S.C. § 881(a)(6), and, therefore, a Final Order of Forfeiture should be entered.

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED.

Therefore, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. A Judgment by Default is hereby entered as to Henry Wayne Russell and all persons or entities with respect to any interest they may have in the defendant property.

3

2. The defendant property more particularly described as $20,000.00 United States Currency, is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

3. The United States Marshals Service, as custodian of said forfeited property, shall dispose of the same according to law.

4. The Clerk of this Court shall provide the United States Attorney's Office and the United States Marshals Service with a certified copy of this order.

Dated on this, the 1st day of June, 2009.

JUDGE NIXON
UNITED STATES DISTRICT JUDGE

4

Case 3:08-cv-01133   Document 14-2   Filed 05/29/2009   Page 4 of 4
Case 3:08-cv-01133   Document 15   Filed 06/02/09   Page 4 of 4 PageID #: 68